IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOY D. DOSS,
ADC #707334                                                                                    PLAINTIFF

V.                                      1:12CV00005 SWW/JTR

JOHN MAPLES, Warden; and
DALE MORGAN, Mailroom Clerk,
McPherson Unit, ADC                                                                      DEFENDANTS

### ORDER

On June 19, 2012, Defendants filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts arguing that this case should be dismissed due to Plaintiff's failure to exhaust her administrative remedies. *See* docket entries #20, #21, and #22. The Court concludes that a Response from Plaintiff would be helpful to the resolution of that Motion.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response must include her legal arguments, as well as affidavits,[1] prison records, or other evidence establishing that there is a genuine issue of material fact

---

[1] The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

that must be resolved at a hearing or trial.

Furthermore, pursuant to Local Rule 56.1, Plaintiff must *also separately* file a Statement of Disputed Facts, which lists: (a) any disagreement she has with the specifically numbered factual assertions contained in Defendants' Statement of Undisputed Facts (docket entry #22); and (b) any other disputed facts that she believes must be resolved at a hearing or trial.[2]

Finally, Plaintiff is advised that if she intends to rely upon grievances or records that have been previously filed with the Court, she must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Plaintiff's factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff shall file, **within thirty days of the entry of the Order**, a Response to Defendants' Motion for Summary Judgment and a separate Statement of Disputed Facts that comply with the Fed. R. Civ. P. 56, Local Rule 56.1, and the

---

[2] If Plaintiff disputes any of the facts set forth in Defendants' Statement of Undisputed Facts, she *must identify* each numbered paragraph that contains the facts she disputes *and,* for each paragraph, explain *why* she disputes those facts.

instructions set forth in this Order.

2. Plaintiff is advised that the failure to timely and properly comply with this Order will result in: (a) all of the facts set forth in Defendants' summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); or (b) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this *26th* day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE