# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JOY D. DOSS,
ADC #707334                                                                         PLAINTIFF

V.                                  1:12-cv-00005-SWW-JTR

JOHN MAPLES, Warden; and
DALE MORGAN, Mailroom Clerk,
McPherson Unit, ADC                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Joy D. Doss, is a prisoner in the McPherson Unit of the Arkansas Department of Correction ("ADC"). In this *pro se* § 1983 action, she alleges that Defendants Warden John Maples and Mailroom Clerk Dale Morgan violated her First

Amendment right to freely exercise religion and Fourteenth Amendment right to equal protection when they refused to allow her to receive a copy of *Strong's Concordance*. *See* docket entries #2 and #7.

Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Disputed Facts.[1] *See* docket entries #20, #21, and #22. Plaintiff has filed a Responses, a Brief in Support, and Statement of Disputed Facts. *See* docket entries #24, #25, and #26. Thus, the issues are joined and ready for disposition.

## II. Discussion

Defendants argue that they should be dismissed, without prejudice, because Plaintiff failed to timely and properly exhaust her administrative remedies. This argument is well taken.

---

[1] It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file," that specific facts show a genuine issue for trial exists. *See* Fed R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."[2] *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).. Additionally, the United States Supreme Court has emphasized that: "The level of detail necessary in a grievance to comply with the grievance procedures will vary

---

[2] In *Jones*, the Court emphasized that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id*. at 211.

from system to system and claim to claim, but it is the *prison's requirements,* and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218 (emphasis added); *see also Woodford*, 548 U.S. at 90–91. Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

To fully and properly exhaust administrative remedies, an ADC prisoner must: (1) file an informal resolution form; (2) file a grievance to the Warden or Health Services Administrator, if the informal resolution attempt is unsuccessful; and (3) appeal the denial of that grievance to the ADC Deputy/Assistant Director. *See* docket entry #21, Ex. B (ADC Adm. Dir. 09–01 § IV)).

Importantly, the ADC exhaustion policy states that "[g]rievances must specifically name each individual involved for a proper investigation and response to be completed by the ADC" and that "[i]nmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties." *Id.,* Ex. B at 3 (ADC Adm. Dir. 09–01 § IV(C)(4) and (E)(2)). Finally, the grievance forms themselves remind prisoners that they must specify the "name of personnel involved." *Id.* Ex. A.

The parties *agree* that MCP 10-615 is the only fully exhausted grievance Plaintiff filed about the seizure of her copy of *Strong's Concordance. See* docket

-5-

entries #22 and #26. In that grievance, Plaintiff stated:

> On 6-2-10, I received a return mail notice on books I had ordered. I was told one of the books was too large. That book is Strong's Concordance. I have received (in the last 90 days) books of this same size (and thickness). As long as it fits in my trunk, I should be allowed to have it. Well, as long as it fits and I'm not over my book limit (which I had 5 books exactly out in). I've had a Strong's Concordance before sent in. I wore it out. I finally found one I could afford, and ordered it. I have room in my trunk for this book. There is nothing in the policy about the size of the books allowed. I want my book.
>
> This is just harassment and retaliation for grievances I wrote on Mr. Hall opening my legal mail (opening and denying and passing them around).

*See* docket entry #21, Ex.1-A.

In grievance MCP 10-615, Plaintiff specifically alleged that she was not allowed to receive *Strong's Concordance* for retaliatory reasons. She did *not* mention or suggest, as she does in the current lawsuit, that her 1st Amendment or equal protection rights were violated as a result of her not receiving Strong's Concordance. *See Jones*, 549 U.S. at 219 (explaining that the purpose of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit").

In the same vein, Plaintiff did *not* mention or otherwise refer to Defendant Maples or Defendant Morgan in grievance MCP 10-615, as required by the ADC's exhaustion policy. *See Jones,* 549 U.S. at 218 (holding that an inmate's complaint

must be dismissed if he fails to fully and properly comply with the exhaustion rules of the incarcerating facility).

Plaintiff argues that she was not required to specifically name Defendant Maples because he denied the appeal of grievance MCP 10-00615, and thus, had actual knowledge of her allegations. This Court has previously rejected similar arguments, and held that a defendant's mere review of a grievance or appeal is insufficient to satisfy the exhaustion requirement. Instead, as specified by the ADC policy, a prisoner must name the defendant in a grievance so that he or she, as well as ADC administrators, are on notice that the problem has not been adequately resolved through the grievance process.[3] *See, e.g., Conway v. Hobbs,* 5:11CV00142 JMM/JTR (docket entry #44); *Roddy v. Phieffer,* 5:10CV00140 JLH/JTR (docket entry #134); *Tucker v. Corr. Med. Servs., Inc.*, 2:09CV00151 BSM/HDY (docket entry #84 at 4-5); *Proctor v. Kelley*; 5:08CV00247 JLH/JJV (docket entry #148), *aff'd* 2010 WL 3503520 (8th Cir. Sept. 9, 2010) (unpublished opinion). Accordingly, this case should be dismissed, without prejudice, because Plaintiff has failed to properly exhaust her administrative remedies.

### III. Conclusion

---

[3] Thus, once Plaintiff received Defendant Maple's decision on grievance MCP 10-00615, she should have filed a *new* grievance explaining how his decision violated her constitutional rights and required corrective action.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (docket entry #20) be GRANTED, and this case DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this *3rd* day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE